1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRYL KEITH PHILLIPS,                     No. C 13-5044 MEJ (pr)

       Plaintiff,                          **ORDER OF DISMISSAL**

    v.

MACGUIRE JAIL LAW LIBRARIAN,

       Defendant.
_____/

     Plaintiff, a state prisoner, has filed a pro se amended complaint under 42 U.S.C.
§ 1983, alleging constitutional violations at the Macguire Detention Facility.  Specifically,
the amended complaint alleges that plaintiff is being denied access to the jail law library.  He
has been granted leave to proceed in forma pauperis.  Plaintiff has not exhausted California's
prison administrative process, however.

     The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to
provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.
 § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
correctional facility until such administrative remedies as are available are exhausted."  42
U.S.C. § 1997e(a).  Under this section, an action must be dismissed unless the prisoner
exhausted his available administrative remedies before he filed suit.  See McKinney v.
Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  "[T]he PLRA's exhaustion requirement applies
to all inmate suits about prison life, whether they involve general circumstances or particular
episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle,
534 U.S. 516, 532 (2002).  Exhaustion of all "available" remedies is mandatory; those
remedies need not meet federal standards, nor must they be "plain, speedy and effective."  Id.

at 524; <u>Booth v. Churner</u>, 532 U.S. 731, 739-40 & n.5 (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  <u>Id.</u> at 741.  PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 94 (2006).  The purposes of the exhaustion requirement include allowing the prison or jail to take responsive action, filtering out frivolous cases and creating an administrative record.  <u>See</u> <u>Porter</u>, 534 U.S. at 525.

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement.  Cal. Code Regs. tit. 15, § 1073.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies."  <u>Id.</u> at 1120.  Here, plaintiff concedes he has not exhausted his administrative remedies.  (Am. Compl. at 2.)  Further, plaintiff has not presented any extraordinary circumstances which might permit him to be excused from complying with PLRA's exhaustion requirement.  <u>Cf.</u> <u>Booth</u>, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  <u>See</u> <u>McKinney</u>, 311 F.3d at 1199-1201.

The Court notes that the claims and defendants included in the amended complaint differ from those in the original complaint filed on November 6, 2013.  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963

F.2d 1258, 1262 (9th Cir. 1992).  If plaintiff wishes to pursue the claims in the original

complaint, he must file a new civil action using the court's civil rights form.

The Clerk shall close the file.


IT IS SO ORDERED.


DATED:  December 19, 2013

Maria-Elena James
United States Magistrate Judge

United States District Court
For the Northern District of California

3