UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL KEITH PHILLIPS, | No. C 13-5044 MEJ (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| MACGUIRE JAIL LAW LIBRARIAN, | |
| Defendant. | |

Plaintiff, a state prisoner, has filed a pro se amended complaint under 42 U.S.C. § 1983, alleging constitutional violations at the Macguire Detention Facility. Specifically, the amended complaint alleges that plaintiff is being denied access to the jail law library. He has been granted leave to proceed in forma pauperis. Plaintiff has not exhausted California's prison administrative process, however.

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id.

1  at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001).  Even when the prisoner seeks
2  relief not available in grievance proceedings, notably money damages, exhaustion is a
3  prerequisite to suit.  Id. at 741.  PLRA's exhaustion requirement requires "proper
4  exhaustion" of available administrative remedies.  Woodford v. Ngo, 548 U.S. 81, 94 (2006).
5  The purposes of the exhaustion requirement include allowing the prison or jail to take
6  responsive action, filtering out frivolous cases and creating an administrative record.  See
7  Porter, 534 U.S. at 525.

8        Section 1073 of Title 15 of the California Code of Regulations provides county jail
9  inmates with a right to "appeal and have resolved grievances" relating to their confinement.
10 Cal. Code Regs. tit. 15, § 1073.

11       Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought
12 by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure
13 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  However, a complaint may
14 be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion"
15 and "no exception to exhaustion applies."  Id. at 1120.  Here, plaintiff concedes he has not
16 exhausted his administrative remedies.  (Am. Compl. at 2.)  Further, plaintiff has not
17 presented any extraordinary circumstances which might permit him to be excused from
18 complying with PLRA's exhaustion requirement.  Cf. Booth, 532 U.S. at 741 n.6 (courts
19 should not read "futility or other exceptions" into § 1997e(a)).

20       Accordingly, the complaint is DISMISSED without prejudice to refiling after
21 exhausting California's prison administrative process.  See McKinney, 311 F.3d at
22 1199-1201.

23       The Court notes that the claims and defendants included in the amended complaint
24 differ from those in the original complaint filed on November 6, 2013.  Plaintiff is advised
25 that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all
26 causes of action alleged in the original complaint which are not alleged in the amended
27 complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants
28 not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963

1 F.2d 1258, 1262 (9th Cir. 1992).  If plaintiff wishes to pursue the claims in the original
2 complaint, he must file a new civil action using the court's civil rights form.
3     The Clerk shall close the file.

5     IT IS SO ORDERED.

7 DATED:  December 19, 2013

Maria-Elena James
United States Magistrate Judge