UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL KEITH PHILLIPS, | No. C 13-5044 MEJ (pr) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO FILE AN AMENDED COMPLAINT** |
| v. | |
| MACGUIRE JAIL LAW LIBRARIAN, | |
| Defendant. | |

On October 29, 2013, plaintiff, a state prisoner, had filed a *pro se* complaint under 42 U.S.C. § 1983, alleging constitutional violations at the Macguire Detention Facility. On December 19, 2013, the court dismissed the complaint because plaintiff had conceded that he had not yet exhausted his administrative remedies. The court further informed plaintiff that the dismissal was without prejudice to refiling a new civil action after he completed exhaustion. On April 17, 2014, the court received an amended complaint from plaintiff.[1] As this action is currently closed, the court construes plaintiff's amended complaint as a motion for reconsideration and motion to file an amended complaint. So construed, the motions are DENIED.

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

---

[1] The amended complaint was also filed as a new complaint in *Phillips v. McKowan*, No. 14-2146 SI (pr), even though plaintiff had titled the pleading "amended complaint," and included this case number, No. 13-5044 MEJ, on the front page. On June 26, 2014, based on the original caption and plaintiff's stated intent, Judge Illston dismissed *Phillips v. McKowan*, No. 14-2146 SI (pr) as erroneously opened.

"'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Here, plaintiff has not presented any grounds warranting reconsideration. The court previously instructed plaintiff that if he wished to pursue a civil rights complaint against the original defendants, he was required to first exhaust his administrative remedies. Once plaintiff had properly exhausted his federal claims, plaintiff could then file an original civil rights complaint in a new action. Thus, plaintiff's amended complaint should not be filed in this underlying action as this case has been closed for approximately seven months now. Should plaintiff wish to litigate his federal claims, assuming they are exhausted, plaintiff should file a new and original complaint in a new case.

For the reasons stated above, plaintiff's motion for reconsideration and motion to file an amended complaint are DENIED. No further filing shall be accepted in this closed case.

IT IS SO ORDERED.

DATED: August 4, 2014

Maria-Elena James
United States Magistrate Judge